IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV33-MU

| | | |
|---|---|---|
| DWAYNE ALLEN MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| OFFICER SHIELTL, et., al., | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1985 filed January 30, 2008. In his Complaint, Petitioner alleges that Defendants[1] conspired to wrongfully apprehend him on an unspecified date using their weapons and other force although Plaintiff posed no threat (See Complaint.) Plaintiff further alleges that Defendants' actions were "racially motivated because it was an all white group of officers." (Cover letter attached to Plaintiff's Complaint.) Specifically, Plaintiff contends that he "had just gotten off a city bus and started walking down N. Davidson St. Near 28st and Noda, and was simply minding my own business when [he] was suddenly attacked by a group of officers." Plaintiff goes on to state that he "got startled and ran to the nearest house for help while [he] was being shot at. [He] was then jumped on by the same group of officers in back of 3 witnesses backyard and then afterwards mase was thrown in [his] face." (Cover letter attached to

---

[1] Defendant names Officer Shieltl in the caption of his Complaint, however in the body of the Complaint in the section labeled "Parties," Plaintiff did not list Officer Shieltl as a Defendant, but instead wrote "lawyer has these names listed in case files they acted as a group." The Court notes that Plaintiff is required to specifically name each Defendant when he has access to such names. It is clear that Defendant has the ability to specifically name the Defendants involved in this case as he points out that his lawyer has the names in his files.

1

Plaintiff's Complaint.)

Plaintiff contends that he suffered major back pain and loss of eyesight for one hour. He also alleges that he sustained injury to the face and head because the officers tackled him to the ground. By way of relief, Plaintiff asks to be reimbursed for property loss, employment loss, metal health and welfare and doctor's fees.

In order to establish a cause of action under 1985(3) (the subsection most relevant to Plaintiff's allegations), a plaintiff must allege: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Moreover, the law is well settled that to prove a 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights. Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995).

Plaintiff's Complaint alleges that he was "apprehended with excessive force without probable cause." Plaintiff states that he "believe[s] these actions was racially motivated because it was an all white group of officers." (Cover letter attached to Plaintiff's Complaint.) A review of Petitioner's Complaint shows that Plaintiff has not articulated facts which establish all of the elements of a 1985 claim. Specifically, Plaintiff failed to allege the second element of § 1985 claim. Plaintiff stated only that the officers involved were all white. Goodsen v. Howard, 954 F.2d 960, 970 (4th Cir. 1992) (holding that the mere statement that plaintiff was black and the officers in question were white was insufficient to state a claim under § 1985(3)). Furthermore, a plaintiff alleging unlawful intent in a conspiracy claim must plead specific facts in a

2

nonconclusory fashion. Id. at 969-970. Plaintiff's allegation that he believes the Defendants' actions were racially motivated because it was an all white group of officers" is conclusory and does not meet the elements of a § 1985 claim.

The Court therefore concludes that Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. 1985, and his Complaint must be dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: March 6, 2008

Graham C. Mullen
United States District Judge